IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KEVIN MICHAEL JACKSON, and,
DAOMEI LI JACKSON,

    Plaintiffs,

v.                                                        No. 1:22-cv-00336-KWR-KK

UNITED STATES,

    Defendant.

## ORDER DISMISSING CASE WITHOUT PREJUDICE

**THIS MATTER** comes before the Court following an Order to Show Cause, filed August 3, 2022 (**Doc. 6**). Plaintiffs failed to file proof of service or respond to the order to show cause as directed. **Doc. 6 at 2.** For the reasons stated below, the Court will dismiss this case without prejudice pursuant to Fed. R. Civ. P. 4(m).

Plaintiffs filed this case on May 3, 2022. Plaintiffs had ninety days to serve Defendant and file proof of service. Fed. R. Civ. P. 4(l), (m). On August 3, 2022, Judge Khalsa issued an order to show cause, directing Plaintiffs to either (1) file proof of service or (2) "show cause why the Complaint should not be dismissed without prejudice for failure to timely accomplish such service." **Doc. 6 at 2.** Judge Khalsa set a deadline of August 24, 2022. *Id.* As of the date of the entry of this order, no response has been filed.

Fed. R. Civ. P. 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court-- on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Although Plaintiffs are pro se litigants, they are required to comply with the same rules of procedure as other litigants, including Rule 4. *Green v. Dorrell,* 969 F.2d 915, 917 (10th Cir.1992); *DiCesare v. Stuart,* 12 F.3d 973, 980 (10th Cir.1993). Thus, Plaintiffs' failure to complete proper service within the time limits prescribed by Fed.R.Civ.P. 4(m) is grounds for dismissal of their case in the absence of justification for the failure. *See Jones v. Frank,* 973 F.2d 872, 873–74 (10th Cir.1992).

Here, there was no evidence of service on the record. The Court issued an order to show cause, directing Plaintiffs to either file proof of service or respond showing cause why this matter should not be dismissed. **Doc. 6.** Plaintiffs did not respond to the order to show cause. Therefore, Plaintiffs have not shown good cause for an extension of time to serve.

The Court has discretion to extend the time for service even when Plaintiffs have not shown good cause. *See Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir. 1995) ("The plain language of Rule 4(m), however, broadens the district court's discretion by allowing it to extend the time for service even when the plaintiff has not shown good cause."). Here, the Court exercises its discretion and declines to *sua sponte* extend the time for service. The Plaintiffs have not responded to the Court's order to show cause, and there is nothing in the record to suggest that service would be accomplished if an extension was granted. Plaintiffs have not given *any* reason for the Court to extend service. *See, e.g., Mark v. N. Navajo Med. Ctr.*, 631 F. App'x 514, 516 (10th Cir. 2015) ("A month later, she failed to respond to the order to show cause, and she still had not effected service. She therefore gave the district court *no* reason for the lack of service, much less a reason that would establish good cause.").

The Court is dismissing this action without prejudice, therefore it need not analyze the *Ehrenhaus* factors. *Mark v. N. Navajo Med. Ctr.*, 631 F. App'x 514, 516 (10th Cir. 2015), *citing*

*AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.,* 552 F.3d 1233, 1236 (10th Cir.2009) ("When dismissing a case without prejudice, a district court may, without abusing its discretion, enter such an order without attention to any particular procedures,") (internal quotation marks omitted).  The Court need only address the *Ehrenhaus* factors where a dismissal without prejudice has the practical effect of a dismissal with prejudice.  *Mark v. N. Navajo Med. Ctr.*, 631 F. App'x 514, 516 n.2 (10th Cir. 2015).

Here, Plaintiffs have not suggested that a dismissal without prejudice here would have the practical effect of a dismissal with prejudice. However, only to the extent the Court is required to consider the *Ehrenhaus* factors[1], the Court finds they weigh in favor of dismissal without prejudice. Although Defendant has not been prejudiced, Plaintiffs have interfered with the judicial process by failing to respond to court orders or timely prosecute their case.  Moreover, the Plaintiffs are culpable as they have failed to serve their complaint, prosecute their action, or explain why they did not respond to court orders.  In its order to show cause the Court warned the plaintiffs this action could be dismissed if they did not show cause why they failed to serve the complaint or comply with the rules of procedure.  **Doc. 6.**  Because Plaintiffs have not responded to the Court's order to show cause, the Court cannot conclude that lesser sanctions would be available.

Therefore, Plaintiffs' claims are dismissed without prejudice for failure to serve the Defendant, pursuant to Fed. R. Civ. P. 4(m).

**IT IS THEREFORE ORDERED** that Plaintiffs' case is **DISMISSED WITHOUT**

---

[1] The non-exhaustive list of factors is: "(1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ecclesiastes 9:10–11–12, Inc. v. LMC Holding Co.,* 497 F.3d 1135, 1143–44 (10th Cir.2007) (citing *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir.1992)).

**PREJUDICE.** The Court will enter a separate judgment disposing of this case.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**